UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODERICK MCARTHUR, | ) |
| Movant, | ) ) ) |
| v. | ) Case No. 4:13CV762 CDP |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's pro se motion entitled "Man Serving 12 ½ Yr. Sentence for Crime Not Committed: Miscarriage of Justice." The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed.

On November 1, 2007, movant was indicted on one count of possession of child pornography, in violation of 18 U.S.C. § 2253A(a)(5)(B). On April 2, 2008, after a bench trial, movant was found guilty as charged. On July 25, 2008, the Court sentenced movant to 151 months in prison and lifetime supervised release. See United States v. McArthur, No. 4:07CR651 DJS (E.D. Mo.). Movant filed a timely notice of appeal on August 4, 2008. On July 27, 2009, the Court of Appeals affirmed

the conviction in United States v. McArthur, 573 F.3d 608 (8th Cir. 2009). On July 15, 2010, movant file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See McArthur v. United States, No. 4:10CV1298 SNLJ, (E.D.Mo.) The case was considered on the merits and dismissed. The Court did not issue a certificate of appealability, and the Eighth Circuit Court of Appeals also refused to grant movant a certificate of appealability. See McArthur v. United States, No. 11-2141 (8th Cir.).

On January 11, 2012, movant filed a "Rule 60(b) Motion," which this Court interpreted as a motion to vacate or correct sentence. See McArthur v. United States, 4:12CV87 CDP (E.D. Mo.). The action was dismissed as successive under 28 U.S.C. §§ 2244 and 2255.

In the instant motion, movant claims that an element of his crime required prosecutors to show that he "knowingly" possessed child pornography on his computer. Movant claims that the prosecutor never showed that he "knowingly" downloaded child pornography because any images in dispute at his trial were shown to have been found on his computer in "unallocated" space, or space on his hard drive where "the windows operating system automatically maintains a list of all web site visits made by the computer." Movant claims that the government's own expert at his trial testified that the hard drive evidence only showed that certain web sites were

accessed not that anything was viewed, saved or knowingly possessed or downloaded on the computer. Movant asserts that because the government's own forensic expert testified that he "could not tell where the images [in the unallocated space] came from or the source, could have been a virus and that the evidence only shows that certain websites were visited not that anything was viewed," the government failed to prove beyond a reasonable doubt that he was guilty of one of the essential elements of the crime for which he was charged.

Movant made these same arguments in his direct appeal and both his prior motions to vacate, albeit in different ways and versions. However, in every prior version, movant has in some way argued that because the pornographic files were found in unallocated space he cannot be found guilty for the crime for which he was charged. In all three of his prior motions, his claims were rejected. Moreover, because he has raised these claims in prior motions, his motion is considered successive and must first be brought to the Eighth Circuit Court of Appeals for certification before it can proceed before this Court.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

> convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's pro se motion entitled "Man Serving 12 ½ Yr. Sentence for Crime Not Committed: Miscarriage of Justice" is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be granted.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of May, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE